*JOSIE CASTO V. JOHN CASTO.

1. OPENING DECREE FOR DIVORCE TO SET ASIDE SERVICE BY PUBLICATION.

Revised Statute 5355 (Lan. 8881), providing for the opening of judgments where service was had by publication and no actual notice was had thereof, has no application to divorce cases.

[For other cases in point, see 5 Cyc. Dig., "Judgments and Decrees," §§ 1093-1241; 3 Cyc. Dig., "Divorce and Alimony," §§ 170-184.—Ed.]

2. BURDEN OF PROVING WANT OF NOTICE OF PENDENCY OF SUIT.

Upon one who seeks to have a judgment, obtained on service by publication, set aside on the ground that no actual notice of the pendency of the suit was had is imposed the burden of proving that he had no such notice; and a record showing that no evidence or proof was produced on the hearing of such application would disclose that the court did not err in overruling the same.

3. WHEN A RECORD MAY NOT BE CORRECTED IN ERROR PROCEEDINGS.

Where a party prosecuting error with full knowledge of the state of the record, and of what actually transpired in the court the judgment whereof is to be reviewed, voluntarily submits the cause to the reviewing court, a motion of such party, after judgment of such reviewing court against him, to set the same aside on the ground that the record which he so submitted to the court is incorrect in some particular, will be overruled, especially where the reviewing court is clearly of the opinion that the record changed as desired by such party would still require the same judgment.

[For other cases in point, see 4 Cyc. Dig., "Error," §§ 1167-1185.—Ed.]

[Syllabus approved by the court.]

MOTION to set aside judgment.

**Templeton & Templeton** and **C. A. Thatcher,** for plaintiff in error.

**E. E. Davis,** for defendant in error.

PARKER, J.

This case was submitted to us on March 19 on briefs. It was held under consideration until April 6, when the decision of the judge of the court of common pleas was affirmed. On June 24—being at the same term—the plaintiff in error filed the following motion in the court:

"Now comes the plaintiff in error and represents to the court that on the hearing of this case in the court of common pleas, the same was

---

*Prior hearing see next case *ante.*

Casto v. Casto.

submitted to the court upon the motion of the plaintiff in error for leave to defend, and upon a motion of the defendants in error to strike said motion of the plaintiff in error from the files. That said motions were submitted to the court without the introduction of any evidence or proofs of any character, and that the court sustained the motion of the defendants in error and overruled the motion of plaintiff in error, solely on the ground that the court was without jurisdiction to grant the relief which plaintiff in error asked in her said motion.

"Plaintiff in error further represents that by a mistake of the clerk and irregularity in obtaining the judgment in the court of common pleas in this cause, the original entry recited the fact that said motions were heard upon proofs, while in fact said motions were not heard upon any proofs whatever.

"Wherefore plaintiff in error suggests a diminution of the record herein and moves the court to set aside the judgment, order and decree of the court heretofore entered herein, and that the same may be remanded to the court of common pleas of Lucas county, Ohio, for the purpose of having the entry, order and judgment of said court corrected so that the same will correspond to the facts." (Signed) "Josie Casto by Templeton & Templeton and C. A. Thatcher, her attorneys."

In support of this motion, the affidavits of C. A. Thatcher and J. B. Templeton are filed. In his affidavit, Mr. Thatcher says:

"C. A. Thatcher, being duly sworn, says that he was one of the attorneys for the plaintiff in error in the court of common pleas of Lucas county, Ohio, in the hearing of the above-entitled case on the motion of the defendants in error to strike the motion of the plaintiff in error for leave to answer in said case, from the files, and also such attorney upon the hearing of said motion of the plaintiff in error for leave to answer in said cause.

"Affiant further says that no proofs or evidence of any character were introduced or received in evidence by the trial court on the hearing of said motions. That the statement in the journal entry that said motions were heard upon proofs, is a mistake and is not true." (Signed) "C. A. Thatcher."

The affidavit of Mr. Templeton is in precisely the same form. We have also had submitted to us a statement from the Legal News of a brief opinion of the trial judge in deciding the matter; and the trial judge—Judge Tyler—has been before us and has given his statement of his recollection of what transpired.

It will be noticed that counsel do not pretend that since the cause was heard and decided by us they have gained any new light or in-

formation as to what actually transpired in the court below, or as to what that court actually considered or did in the case.

Our opinion upon the case as submitted to us, was taken down by a stenographer, has been preserved and may be referred to, so that it will not be necessary to go into the history of the case very fully. I may say, briefly, that the action in the court below was by John Casto against his wife, Josie Casto, to obtain a divorce, on the ground of adultery of the wife. Service was obtained by publication, as provided in the chapter of the Revised Statutes on the subject of divorce, and a divorce was granted on the ground of such adultery of the wife. This, of course would have the result, in law, of depriving the wife of certain interest in the estate of her husband, if she should survive him, which but for such misconduct and the divorce on account thereof, she would have in his estate.

After this divorce was granted, the husband died. He left some estate. Certain of his heirs, in Greece, laid claim to it, and thereupon Josie Casto came forward and became active and filed a motion in the case, in which she set forth that she had not been served with process, that she had no knowledge of the pendency of the action, and that she had a good and valid defense; in other words, that she was not guilty of the misconduct charged, and desired to be let in to defend and have the divorce case retried in order that it might be determined and adjudged that she was not guilty—the ultimate purpose, of course, being to give her a status under which she could claim an interest in her husband's estate.

Her proceeding was under Rev. Stat. 5355 (Lan. 8881). The court of common pleas being of the opinion that this section of the statute had no relation to divorce cases; that service by publication in such cases could not be set aside and a party be let in to defend by virtue of this statute, ruled against Josie Casto upon her motion. It seems that at the time of this ruling by the trial court Josie Casto had on file in that court, in support of her application under Rev. Stat. 5355 (Lan. 8881), certain affidavits in which her innocence of these offenses was asserted, and the fact that she had not been personally served and had no personal knowledge of the pendency of the action, was stated.

As to the affidavits, it may be said that they would make a *prima facie* case in her favor under Rev. Stat. 5355 (Lan. 8881), if it had any application to a suit of that character; but it appears that the trial judge, being of opinion that that section had no application, and (as said by Josie Casto in her motion now under consideration) he overruled the application solely on the ground

that the court was without jurisdiction to grant the relief which plain-
tiff in error asked, and therefore he ignored the affidavits supporting the
application.   When the journal entry was drawn it set forth that this
motion to set aside the service by publication, and as well a motion to
strike such motion from the files and dismiss it, were heard "upon the
proofs," and that journal entry closes with a paragraph which seems
to be consistent with the theory that the hearing was upon the proofs,
or, at least, that it was so considered by the parties—that is to say, that
though the proofs may not have been given any weight or considera-
tion by the court, they were properly presented so that if they were en-
titled to receive consideration, the court was bound to consider them.
It is this clause:

"Wherefore, it is considered, ordered and adjudged that the said
George Athan Constianto, Melpomene Papagheorgiou, Phelo Sakellario
and Maria Papadopouulo, recover of the said Josie Casto the costs here-
in, taxed at $————, to which judgments and orders the said Josie
Casto, by her counsel, excepts, and is granted forty days in which to
file bill of exceptions."

Of course, if the court below had proceeded upon the application as
it would upon a pleading to give judgment upon the statements thereof,
without respect to any evidence which might have been submitted or
proffered in its support, upon the theory that the sufficiency of the
statements were to be tested first, as in the case of a demurrer to a
pleading, and that the evidence on file was not to be considered as even
proffered, the statement that time was given for preparation of a bill
of exceptions, would be quite unnecessary and inappropriate.   This
motion, however, according to our view, was not a paper or pleading in
the case which could be tested or treated in that way by the trial court.

These affidavits were on file.   The motion, or the "application" as
it is called in Rev. Stat. 5355 (Lan. 8881), would be of no value—of no
consequence—would not entitle the applicant to the first move in her
favor at the hands of the court below, unless it were supported by evi-
dence, either in the form of affidavits or otherwise, presented or prof-
fered to the court.   The application must be accompanied by a proper
showing of certain facts.   The statements of the party in the so-called
motion or application  are really of no special consequence except as a
matter of introduction of the subject to the court; but what is essential
in order to move the court to action in favor of the applicant, is, that
the applicant shall "make it appear to the satisfaction of the court, that
during the pendency of the action he had no actual notice thereof in
time to appear in court and make his defense."   Counsel for the plain-

## Lucas County.

tiff in error seem to have had that understanding of the matter when error was prosecuted to this court, and therefore brought up with this record—or attempted to do so—the affidavits which had been filed with the application, and insisted that the court had erred, not only in the view it had entertained with respect to the case not coming within the purview of Rev. Stat. 5355 (Lan. 8881), but that the court had also erred in denying the application, in view of the proof that was submitted in support thereof. The brief was very full upon this point. But counsel seem to have conceived the notion that in order to get these proofs before this court it was not necessary to have a bill of exceptions, so the affidavits are simply attached as if they were pleadings in the case—as if they were a part of the record without being incorporated into a bill of exceptions; and when we came to consider the matter, as will be seen by the former opinion which was handed down, we held that we could not consider the affidavits because not incorporated in a bill of exceptions. Thereupon we affirmed the judgment of the court of common pleas.

The matter has stood in that way for about three months; and now comes this motion to set aside our decree of affirmance, together with the suggestion that the record is not complete, and an application for such action as will enable the plaintiff in error to go back to the court of common pleas and have this entry amended so that it may show that the hearing was not upon the proofs, but that, on the contrary, no proofs were submitted in support of the application filed in that court on behalf of the plaintiff in error. Assuming for a moment that the plaintiff has shown herself entitled to this extraordinary action at the hands of this court in her behalf, let us consider the result of granting what she asks. This motion distinctly states that both of said motions—meaning thereby the application to set aside the service by publication and allow Josie Casto to come in and answer and the motion to dismiss that application—were submitted to the court, and further, "that said motions were submitted to the court without the introduction of any evidence or proofs of any character."

Suppose that were true; suppose the plaintiff in error should succeed in getting back into that court and in having the journal entry in the case so changed? According to our view of the matter, it would then unquestionably devolve upon that court to deny the application, even if the case came within the purview of Rev. Stat. 5355 (Lan. 8881); because, as I have said, it is not sufficient for a party to make the application and state therein the reasons or grounds in support thereof, but it is necessary for the party making the application to support it by making it

Casto v. Casto.

appear to the satisfaction of the court that, during the pendency of the action, he had no actual knowledge thereof in time to appear in court and make his defense; and, therefore, if the plaintiff in error should ever succeed in getting back into the common pleas court and in having this journal entry of the court so changed as to make it appear that there was not an iota of evidence of any description or character submitted or proffered to the court in support of the application, she would succeed in making it appear clearly that the court had not erred in dismissing her application; or (as it is stated in the journal entry), in overruling her motion. Now that is one reason, and an all-sufficient reason, in our judgment, why this motion should be overruled.

It is somewhat extraordinary practice for parties to come into this court after a case has been submitted, and a judgment has been obtained upon a record with the condition of which the parties were well acquainted when the case was submitted, and ask the court to set aside its judgment and give the parties an opportunity to go back into the court below and try to make up a different record in order that they may present a different question to this court; and yet, we can see that if the parties were misled about the facts, it might not only be possible but proper for the court to grant them this extraordinary relief. But, in the showing upon this motion by the affidavits filed here in its support, it is not stated and it is not pretended that when this case was submitted to this court, the plaintiff in error or her counsel were ignorant of the state of the record, so that we are bound to assume that they were fully acquainted therewith. No reason appears why they should not have been. The record is plainly typewritten, and the journal entry that counsel desires to have modified in the court below is one to which his signature is appended, approving it.

Some consideration is due to the other parties litigant, and where we are persuaded that the parties or counsel have not been diligent, but have been remiss, or where we are persuaded that what they are asking for would be of no possible avail to them, we think we should not grant a motion of this character in order to gratify a desire they may have to debate and present some other question; especially not when our minds are fully made up, as they are in this instance, that if the question were presented it would be resolved by this court against them.

As I have said, this evidence was filed in the court below; it was before that court for its consideration in the event that it concluded that the case came within the purview of Rev. Stat. 5355 (Lan. 8881). The court could not refuse to either consider it or grant a bill of exceptions showing that the evidence had been presented and that the court

refused to consider it. The very fact that the plaintiff in error brought this evidence before this court as a part of this record, and insisted upon this court's giving it consideration upon the hearing of this case, is evidence to our minds that counsel for plaintiff in error understood that the evidence had been so presented to the court below as that the court was bound to consider it, if the court had jurisdiction of the application; otherwise counsel would not be acting in good faith in asking this court to consider the evidence—for it would not be proper, it would be a gross impropriety for counsel to come to this court and ask us to consider evidence that had not been either considered by or proffered to the court below. We conclude that the evidence was not only before the court for its consideration, but that counsel so understood it, and that the only mistake or oversight in that regard, was that of counsel in failing to incorporate this evidence in a bill of exceptions. It would be idle to send the case back to the court·below because it is now too late to have a bill of exceptions perfected in that court.

We overrule this motion: First, because the cause was submitted to this court by counsel, who have not shown to us that they were under any misapprehension at the time as to the state of the record or as to what was actually considered and done by the trial court; secondly, because a bill of exceptions is necessary, and it is now too late to obtain it, and it would be, therefore, idle to remand the case to the court below; thirdly, because in our opinion the court below was clearly right in holding that Rev. Stat. 5355 (Lan. 8881) has no application to divorce cases. Under these circumstances, to set aside the former judgment and give counsel an opportunity to make the application desired to the court below, would be an abuse of discretion upon our part, and an injustice to the other parties litigant.

**Haynes** and **Wildman, JJ.,** concur.